[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11686

Non-Argument Calendar

_____

JESSIE JACKSON,

Plaintiff-Appellant,

versus

F. PAPILLON,
Chief Doctor,
J. R. DELGADO,
Doctor,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-20294-BB

———————————

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

This case presents a Florida inmate's 42 U.S.C. § 1983 claim that prison physicians were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. We affirm the district court's grant of summary judgment to the doctors.

I

Jessie Jackson, a diabetic Florida prisoner, was under the care of Doctors Franck Papillon and Jorge Delgado while incarcerated at Dade Correctional Institute. After wearing state-issued crocs, Jackson developed a blister and infection on his left foot's big toe. To treat the infection, the doctors recommended daily wound care, admitted Jackson to the infirmary multiple times, provided antibiotic treatments, and referred him to a podiatrist. On the podiatrist's recommendation, Jackson asked for orthopedic shoes, but Delgado denied his request because they could trigger maceration of the wound and surrounding skin. Jackson kept requesting the shoes through formal grievances, and Delgado kept denying them. Eventually, after many rounds of various treatments, Jackson's left

big toe had to be amputated.  Jackson claims that this amputation could have been prevented if the doctors would have timely provided him with orthopedic shoes.

During a follow-up visit to the hospital after the amputation, Jackson lost his footing while exiting a van without a sidestep and fractured several toes on his left foot.  According to Jackson, the doctors initially showed no concern.  But after his toes became discolored and black, the doctors took x-rays and determined that they were fractured.  They advised that the toes would self-heal, determined that no specific treatment was necessary, and provided Jackson with a cane and a walker to help prevent stress on his toes.  Jackson contends that he received no treatment for his fractured toes, and that, as a result, they healed in a disfigured form and continue to hurt.

Jackson brought this 42 U.S.C. § 1983 claim alleging that the doctors demonstrated deliberate indifference to his serious medical needs and safety in violation of the Eighth Amendment by failing to treat his infection and fractures.  The district court granted summary judgment to the doctors, finding that they didn't act with deliberate indifference to Jackson's medical needs because they provided ongoing and extensive treatments for his left foot.  Jackson appealed.[1]

---

[1] We review a district court's grant of summary judgment de novo. *Mosley v. Zachery*, 966 F.3d 1265, 1270 (11th Cir. 2020).  We construe the facts and draw all inferences in the light most favorable to the nonmoving party, and when

## II

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend VIII. The Supreme Court has held that prison officials violate this prohibition when they display "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A deliberate-indifference claim entails both an objective and a subjective component." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020), *cert. denied*, 142 S. Ct. 81 (2021). "First, the inmate must establish an objectively serious medical need . . . that, if left unattended, poses a substantial risk of serious harm." *Id.* (quotation marks omitted). "Second, the inmate must prove that prison officials acted with deliberate indifference to that need by showing (1) that they had subjective knowledge of a risk of serious harm and (2) that they disregarded that risk (3) by conduct that was more than mere negligence." *Id.* (cleaned up).

An objectively serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotation omitted). Undoubtedly, the doctors

---

conflicts arise between the facts, we credit the nonmoving party's version. *Underwood v. City of Bessemer*, 11 F.4th 1317, 1327 (11th Cir. 2021). Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a).

21-11686               Opinion of the Court                    5

diagnosed the wound and infection on Jackson's left big toe as requiring treatment.  And although they advised that the fractured toes would heal themselves, the discolored, blackened toes did require a doctor's attention.

As for subjective deliberate indifference, it is undisputed that the doctors knew about Jackson's infected big toe and toe fractures. The main issue in dispute is whether they ignored Jackson's need for medical attention.  Conduct that typically constitutes deliberate indifference includes altogether failing to provide necessary medical care, unreasonably delaying treatment, or giving such cursory treatment that it is essentially nonexistent.  *See Melton v. Abston*, 841 F.3d 1207, 1223 (11th Cir. 2016) (per curiam), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). We hesitate to conclude that a doctor was deliberately indifferent when a prisoner received medical care.  *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989).  With respect to the wound on Jackson's left big toe, the doctors took x-rays, referred Jackson to a podiatrist, provided daily wound care and antibiotics, and admitted Jackson to the infirmary on multiple occasions.  As for the toe fractures, the doctors ordered and reviewed x-rays, concluded that the fractures would heal on their own and that no treatment was necessary, provided Jackson with a cane and a walker, and referred him to a podiatrist.

Jackson does not dispute that he received these treatments; rather, his main contention is that the doctors demonstrated deliberate indifference by not providing him with the "diabetic shoes"

recommended by the podiatrist. But a mere "difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment fails to support a claim of cruel and unusual punishment." *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1273 (11th Cir. 2020) (cleaned up); *see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) (quoting *Estelle*, 429 U.S. at 107) ("[T]he question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment."). Likewise, "a simple difference in medical opinion" between two doctors doesn't constitute deliberate indifference. *Waldrop*, 871 F.2d at 1033.

Here, although the podiatrist recommended orthopedic shoes, Delgado didn't think they were appropriate because they could have caused maceration of Jackson's wound. The doctors did provide Jackson with other medical treatment that they deemed appropriate. Just because they didn't provide the treatment that Jackson wanted doesn't mean they demonstrated deliberate indifference. *See Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (holding that the care provided by jail officials didn't amount to deliberate indifference simply because the prisoner "desired different modes of treatment"). Accordingly, the

21-11686            Opinion of the Court                7

district court didn't err in granting summary judgment to the doc-
tors.[2]

      **AFFIRMED.**

---

[2] We don't address Jackson's claim that the district court prematurely ruled on
the doctors' summary judgment motion while his discovery request was pend-
ing because, even assuming that Jackson didn't forfeit this argument by failing
to raise it before the district court, he fails to show how his outstanding request
for documents would have enabled him to create a genuine issue of material
fact regarding the doctors' alleged deliberate indifference.